UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



*****************************************************************************

| | | |
|---|---|---|
| MONICA DEL CARMEN GONZALES SERVIN, Individually and as Representative of the Estate of HANS GUERRERO ALTMANN, MARIA FERNANDA GUERRO GONZALES, a minor, and HANS GUERRERO GONZALES, a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> FORD MOTOR COMPANY, FIRESTONE POLYMERS, LLC, and BRIDGESTONE NORTH AMERICAN TIRE, <br><br> Defendants. | * * * * * * * * * * * * * * * * * * * | CIV 05-1023 <br><br> ORDER AND OPINION |

*****************************************************************************

Plaintiffs are Mexican nationals who brought this products liability action against defendants contending that the death of their decedent was caused by defective tires manufactured by Bridgestone/Firestone. The tires were on an Explorer manufactured by Ford. The injury occurred in the Mexican state of Guanajuato and the decedent was a Mexican citizen. On June 22, 2005, the original complaint was filed in the District of South Dakota. Defendants moved to dismiss this action on the basis of *forum non conveniens*. This Court denied the motion without prejudice, and the case was transferred to the United States District Court for the Southern District of Indiana, joining other similarly situated cases in the MDL Proceeding, No. 1373, In re: Bridgestone Firestone, Inc. Tire Products Liability, Master file No. IP 00-9374.

Pursuant to the Rules of Procedure of the United States Judicial Panel on Multi-District Litigation, the "transferee district court" is the federal district court to which tag-along actions are transferred pursuant to 28 U.S.C. § 1407, for inclusion in an MDL.

MDL Rule 1.1(i). According to MDL Rule 10.1(a), if the case is disposed of by the transferee (MDL) court, the case remains with the transferee court and is not remanded to the transferor court.

> Termination. Where the transferee district court terminates an action by valid order, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, the transferee district court clerk shall transmit a copy of that order to the Clerk of the Panel. The terminated action shall not be remanded to the transferor court and the transferee court shall retain the original files and records unless the transferee judge or the Panel directs otherwise.

MDL Rule 10.1(a).

Plaintiffs in this motion before the Court seek relief under Rule 60(b) or (e) or both. However, the plaintiffs have filed this motion in the wrong court. On August 3, 2007, a transfer order was filed moving the action from this Court to Judge Barker in the 7th Circuit, Southern District of Indiana. Citing common questions of fact with the actions previously transferred to the MDL Panel in the Southern District of Indiana, this action was transferred as a tag-along action to promote just and efficient conduct of the litigation. "When the transfer becomes effective, the jurisdiction of the transferor court ceases and the transferee court has exclusive jurisdiction." Allen v. Bayer Corp In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.), 460 F3d. 1217, 1230 (9th Cir. Wash. 2006) *citing* Manual for Complex Litigation § 20.131 (Internal quotations omitted). "This includes authority to decide all pretrial motions, including dispositive motions such as motions to dismiss, motions for summary judgment, motions for involuntary dismissal under Rule 41(b), motions to strike an affirmative defense, and motions for judgment pursuant to a settlement." *See* Allen at 1231. Pursuant to 28 U.S.C. § 1407(c), a transfer is effective when the order of transfer is "filed in the office of the clerk of the district court of the transferee district." Therefore, since August 3, 2007, this Court no longer has had jurisdiction in the case. Manual for Complex Litigation § 9.1 explains that "the

divestment of [the transferor's] jurisdiction is complete" upon the transfer of the litigation. If the plaintiffs wish to seek a reconsideration of judgement, the correct court to file a motion to reinstate would therefore be the Southern District of Indiana.

## ORDER

Now, therefore,

IT IS ORDERED:

Plaintiffs' motions, Docs. 58 and 64, second motion to reopen case, is denied.

Dated this 21st day of November, 2013.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J Paepke
DEPUTY
(SEAL)